# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ELLIOT BOOSE,<br><br>              Plaintiff,<br><br>v.<br><br>ELON MUSK; X CORP. DOING BUSINESS IN GEORGIA AS X CORP., A NEVADA CORPORATION<br><br>              Defendants. | Civil Action No. _____ |

## NOTICE OF REMOVAL

Defendant Elon Musk ("Defendant Musk"), pursuant to 28 U.S.C. §§ 1332(a), 1441(b), 1446, hereby files this Notice of Removal of the above-captioned action from the Superior Court of Gwinnett County, State of Georgia (Civil Action File No. 24-A-08811-6) to the United States District Court for the Northern District of Georgia. Defendant Musk asserts the following grounds supporting removal:

**I.   NATURE OF THE INSTANT ACTION**

1.   Plaintiff Elliot Boose ("Plaintiff"), appearing *pro se*, filed his Complaint for Damages on October 3, 2024 in the Superior Court of Gwinnett

County, Georgia on October 3, 2024 (Case Number 24-A-08811-6). (*See generally* Compl., attached hereto as **Exhibit 1**, pp. 3-47).[1]

2. In the Complaint, Plaintiff alleges that, on or about June 2024, Co-Defendant X Corp. ("X Corp.") breached a contract with Plaintiff by fraudulently denying Plaintiff the ability to use his X Premium account to purchase ads on the X platform. (*See generally* Compl., **Ex. 1**, **pp.** 3-47). Plaintiff also alleges that since November 2022, X Corp. has discriminated against him by "shadow-banning" Plaintiff on the X platform, which Plaintiff alleges also prevents him from the ability to promote his book. (*Id.*).

II. **PAPERS FROM THE REMOVED ACTION**

3. In accordance with 28 U.S.C. 1446(a), Defendant Musk attaches to this Notice of Removal a copy of all process, pleadings, and orders filed in the State Court Action. (*See generally* **Ex. 1**).

III. **GROUNDS FOR REMOVAL**

4. Pursuant to 28 U.S.C. § 1441, Defendant Musk removes this action to the district court of the United States for the district and division embracing the place where the action is pending. This Court has original jurisdiction over this matter under 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship

---

[1] Musk will generally reference Plaintiff's Complaint throughout this Notice as "Complaint" since it fails to provide an orderly set of numbered paragraphs and/or sequentially numbered pages.

between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. Further, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446 because it is being filed within thirty days of when Defendant Musk received notice of Plaintiffs' Complaint, despite never having been served with the Plaintiff's Complaint.

**A.  Complete diversity of citizenship exists between the parties.**

5. The propriety of removal is determined by looking at a Plaintiff's Complaint, as it exists at the time of removal. *See Sierminski v. Transouth Financial Corp.,* 216 F.3d 945, 949 (11th Cir. 2000) ("[U]nder any manner of proof, the jurisdictional facts that support removal must be judged at the time of the removal[.]").

6. According to Plaintiff's Complaint, he is a citizen of the state of Georgia. (*See generally* Compl., **Ex 1**, pp. 3-47).

7. Plaintiff alleges that Defendant Musk is a citizen of Texas. (*Id.*).

8. Likewise, Plaintiff alleges that Defendant X Corp. is a corporation existing under the laws of both Nevada and California.[2] (*Id.*).

---

[2] Contrary to Plaintiff's allegation, X Corp. is a citizen of Nevada and Texas, *not* California. This erroneous allegation does not eliminate complete diversity of citizenship here, because Plaintiff is a citizen of Georgia and is not a citizen of any of the alleged states where Defendants are alleged to "reside."

9.      "A corporation is a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." *Beasley Forest Prod., Inc. v. N. Clearing, Inc.*, 515 F. Supp. 3d 1367, 1371 (S.D. Ga. 2021) (citing 28 U.S.C. § 1332(c)(1)).

10.     Accordingly, complete diversity of citizenship exists between the parties because Plaintiff is not a citizen of the same state as either Defendants. *See* 28 U.S.C. § 1332(a)(1).

**B.     The amount-in-controversy is satisfied.**

11.     "The sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy[.]"  28 U.S.C. §§ 1332(a), 1441(a).  A defendant may look at the face of the complaint and rely on a good-faith estimate that the amount in controversy exceeds $75,000.   *See Fed. Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003) (noting a party "satisfies the amount in controversy requirement by claiming a sufficient sum in good faith.").

12.     Here, Plaintiff seeks at least $2,000,000.00 for damages, including exemplary, punitive, pre-judgment and post judgement interest, reasonable attorney fees, and fees for cost of suit.  (*See generally*, Compl. **Ex. 1**, pp. 3-47).

13.     Thus, based on the allegations contained in the Plaintiff's Complaint, the amount-in-controversy exceeds $75,000. 28 U.S.C. § 1446(c)(2)(A)(i).

    **C.**    **Removal is timely.**

14. To date, Musk has not been properly served with a copy of the Summons or Complaint.

15. On or about December 10, 2024, Defendant Musk, through his representative, became aware of this lawsuit from co-defendant X Corp. (who also has not been properly served).

16. This Notice of Removal is timely because it is filed within thirty (30) days after receipt by Defendant Musk, through service "or otherwise," of the Complaint. *See* 28 U.S.C. § 1446(b).

## II.    <u>VENUE IS PROPER</u>

17. Pursuant to 28 U.S.C. § 105(b)(2), the United States District Court for the Northern District of Georgia is the federal judicial district encompassing the Superior Court of Gwinnett County where this lawsuit was originally filed. Venue is, therefore, proper—though not exclusive or necessarily convenient—in this district under 28 U.S.C. § 1441(a).

## III.    <u>FILING OF REMOVAL PAPERS</u>

18. Pursuant to 28 U.S.C. 1446(d), Defendant Musk will promptly file a Notice of Filing Notice of Removal, attaching thereto a copy of this Notice of Removal and the documents attached to this Notice of Removal, with the clerk of

the court for the Superior Court of Gwinnett County, Georgia where the instant action was pending, and will serve a copy of the same upon Plaintiff.

## IV.     <u>CONCLUSION AND PRAYER</u>

19.     Defendant Musk has satisfied all conditions and procedures for removal.  If any questions of the propriety of this removal arise, Defendant Musk respectfully requests an opportunity to present a brief and argument as to why removal is proper.  By filing this Notice of Removal, Defendant Musk does not waive any right, defense, affirmative defense, or objection, including without limitation challenges to personal jurisdiction, insufficient process, and/or insufficient service of process or proper transfer of forum. Defendant Musk reserves all defenses and objections available under applicable law.  In addition, Defendant Musk expressly reserves the right to move for dismissal of all of Plaintiff's claims and reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, Defendant Musk respectfully removes the above-captioned action from the Superior Court of Gwinnett County to the United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. §§ 1441, 1446, and 1332.

 Dated: December 10, 2024

Respectfully Submitted,

**SHOOK, HARDY & BACON L.L.P.**

*/s/ Colin K. Kelly*
Colin K. Kelly
Georgia Bar No. 781072
ckelly@shb.com
Nia S. Wilson
Georgia Bar No. 914011
nwilson@shb.com
1230 Peachtree Street NE
Suite 1200
Atlanta, Georgia 30309-3591
(470) 867-6000 (phone)

**WILLENKEN LLP**

Kenneth M. Trujillo-Jamison
(*pro hac vice* forthcoming)
California State Bar No. 280212
ktrujillo-jamison@willlenken.com
707 Wilshire Blvd., Suite 3850
Los Angeles, CA 90017
(213) 955-9240 (phone)

*Counsel for Elon Musk and X Corp.*

## **LOCAL RULE 7.1(D) CERTIFICATION**

I certify that this notice of removal has been prepared with one of the font and point selections (Times New Roman – 14 point) approved by the Court in LR 5.1(B).

*/s/ Colin K. Kelly*
Colin K. Kelly

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ELLIOT BOOSE,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ELON MUSK; X CORP. DOING BUSINESS IN GEORGIA AS X CORP., A NEVADA CORPORATION<br><br>　　　　Defendants. | Civil Action No. |

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of December, 2024, I have served a true and correct copy of the foregoing **NOTICE OF REMOVAL** by sending it via first class mail to the *Pro Se* Plaintiff below, via email and by electronically filing it with the Clerk of Court using the CM/ECF system:

> Elliot Boose
> 5375 Peachtree Industrial Blvd.
> Norcross, Georgia 30092
> Casray1974@yahoo.com

　　　　　　　　　　　　　　　　　　*/s/ Colin K. Kelly*
　　　　　　　　　　　　　　　　　　Colin K. Kelly